### 11944. WELCH *v.* THE STATE.

1. The charge of the court as to the defendant's statement at the trial was not subject to the exceptions taken.
2. The charge on the law of self-defense placed no undue burden on the defendant, where the court charged substantially in the language of the Penal Code (1910), § 70, that if a person kill in self-defense, it must appear to the reasonable satisfaction of the jury that he was

acting in self-defense, etc., and charged also that the burden was upon the State to satisfy the minds of the jury to a reasonable and moral certainty, and beyond a reasonable doubt, of all the material allegations in the indictment.

3. The charge as to the various forms of verdicts that the jury could render was authorized by the evidence, as to the offense of voluntary manslaughter, of which the accused was convicted, and was not harmful to him so far as it related to the grade of homicide of which he was acquitted. It was not cause for a new trial for any reason assigned.

DECIDED JANUARY 25, 1921.

Indictment for murder — conviction of manslaughter; from Putnam superior court — Judge Park.   October 22, 1920.

*Davidson, Callaway & DeJarnette, A. J. & A. C. McDonald,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J.   1. The first ground of the amendment to the motion for a new trial is as follows: "The court erred in charging the jury as follows, to wit: 'The defendant in this case has made a statement, and under section 1036 of the Criminal Code of the State of Georgia, it provides that the defendant has a right to make to the court and jury just such statement as she sees proper, to be under oath, and when the defendant makes a statement [it?] is left entirely with the jury as to what credit they will give the defendant's statement.  You have a right to accept it or you have a right to reject it, or you have a right to believe it in preference to the sworn testimony in the case, if you see proper to give it that degree of credit.'  This charge on the part of the court was error:  (*a*) Because it is not in the words of section 1036 of the Criminal Code of the State of Georgia. (*b*) Because from said charge it could be inferred that the defendant could have given her statement under oath.  (*c*) Because it failed to instruct the jury that said statement shall not be under oath."   There is no material error in the foregoing excerpt, and no merit in any of the exceptions thereto.

2. The judge charged the jury: "If a person kills another in self-defense, it must appear to the reasonable satisfaction of the jury that the person was acting in self-defense against one who manifestly intended, by violence or surprise, to commit a felony upon the person of another."   This charge is practically in the

language of § 70 of the Penal Code of 1910, and is excepted to " because it put the burden upon the movant to make it appear to the reasonable satisfaction of the jury that she was acting in self-defense, which was a greater burden than the law placed upon the movant." The exception is without merit. The court did charge the jury that, before they would be authorized to convict the accused, the burden was upon the State " to satisfy the minds of the jury to a reasonable and moral certainty, and beyond a reasonable doubt, of all the material allegations in the bill of indictment."

3. The judge told the jury that, under the law as given in charge, they could find either of the following verdicts: Murder, murder with a recommendation to the mercy of the court, voluntary manslaughter, or not guilty. These instructions in reference to the verdict were not harmful to the accused. She was convicted of voluntary manslaughter, and there is ample evidence to support such a verdict. See *Thompson* v. *State,* 24 *Ga. App.* 144 (2) (99 S. E. 891), and cases cited.

4. The verdict has the approval of the trial judge, and, being supported by ample evidence, the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*